## McGuire et ux., Appellants, *v.* Sann et ux.

*Equity —Practice, C. P. — Pleading—Amendment—Decree pro confesso—Specific performance.*

1. Where a bill in equity prays for the cancellation of certain deeds which plaintiffs had executed in pursuance of an agreement for the partition of real estate, and which defendants had fraudulently taken and recorded, and a decree pro confesso is entered, the court may subsequently permit plaintiffs to amend their bill so as further to pray for specific performance of the contract between the parties.

2. In such case if the court refuses the amendment and enters an order that the decree pro confesso shall be the final decree, its action will be reversed on appeal.

3. The appellate court in reversing such decree will direct that the amendment be allowed, and that the record be remitted with directions to answer over and have the proceedings heard in due course, and if defendants fail to answer, a decree for specific performance, as prayed for in the amended bill, shall be entered.

Argued October 3, 1927.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 81, March T., 1927, by plaintiffs, from decree of C. P. Cambria Co., June T., 1925, No. 10, for defendants, in case of William A. McGuire et ux. v. Ferdinand Sann et ux.   Reversed.

Bill for the cancellation of deeds and, by amendment, for specific performance.   Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Decree for defendants directing that decree nisi shall be the final decree.   Plaintiffs appealed.   ·

*Error assigned,* inter alia, was decree, quoting record.

*Walter E. Glass,* with him *F. J. Hartmann* and *Philip N. Shettig,* for appellants.—Appellants contend the effect of the amendment was to eliminate entirely from the case that part of the pleading which has been super-

seded by the amendment substituted therefor; in other words, that the pleading, after amendment, has the same effect as though it had originally been filed in its amended form.

The relief granted must always be in conformity with the case made in the pleadings and established by the proof, and relief cannot be granted that is at variance with either: Spangler Brewing Co. v. McHenry, 242 Pa. 522; Luther v. Luther, 216 Pa. 1; Horton's.App., 13 Pa. 67; Passayunk Building Ass'n's App., 83 Pa. 441; Delaware, etc., Co. v. Pa. Coal Co., 21 Pa. 131.

Once the jurisdiction in equity attaches, it will not let go until the entire controversy regarding the subject is ended: Gwinn v. Lee, 6 Pa. Superior Ct. 646.

*Frank P. Barnhart,* of *Barnhart & Bender,* for appellees.—Plaintiff elected to rescind the contract, and, after obtaining a decree on that theory, cannot affirm the contract and ask that it be specifically performed: Pott's App., 5 Pa. 500; Arnold v. Fitzgerald, 76 Pa. 385; Biery v. Steckel, 19 Pa. Superior Ct. 396; McQueen's App., 104 Pa. 595.

An amendment to a bill is improper if it sets up a new cause of action: McFarland v. Heverly, 46 Pa. Superior Ct. 434; Clear Springs Water Co. v. Boro., 231 Pa. 290, 295; Wilson Twp. v. Transit Co., 258 Pa. 266, 271.

OPINION BY MR. JUSTICE FRAZER, November 28, 1927:

William A. McGuire, one of appellants, purchased, at tax sale, the lot of ground in controversy, situated in Westmont Borough, Cambria County, fronting 200 feet on Luzerne Street and extending back, along Princeton Avenue, preserving the same width, 150 feet to an alley. Appellee, Ferdinand Sann, received a deed for the same property from Louis Wolf and wife. The source of Wolf's title is not disclosed in the record. McGuire's deed, from the treasurer of Cambria County, bears date June 10, 1918, and was recorded July 14, 1920, and

Sann's deed from Wolf and wife is dated August 8, 1916, the date of its recording not stated in the record.    A dispute between the parties having arisen as to their respective titles to the property, it was finally orally agreed to divide the lot, McGuire and wife to receive 100 feet fronting on Luzerne Street, at the corner of Princeton Avenue and extending back to the alley, and the wife of Sann to receive title to the remaining 100 feet.

To carry out this understanding it was agreed that McGuire and wife should execute their deed for the entire property to appellee, Ferdinand Sann, who in turn agreed to reconvey one-half to McGuire and wife and the remaining half to appellee's wife, Marie B. Sann. For the purpose of completing this agreement, three separate deeds were prepared: (1) McGuire and wife to Sann, for the entire lot, (2) Sann and wife to McGuire and wife for 100 feet at the corner of Luzerne Street and Princeton Avenue and (3) Sann to his wife for the remaining 100 feet of Luzerne Street frontage.  On May 6, 1925, all parties, except Mrs. Sann, who was absent on account of illness, met at the office of a notary public and signed and acknowledged the deeds above referred to.    It being understood and agreed that the three deeds should remain in the possession of the notary until ten o'clock the following morning, May 7, 1925, at which time, all parties being present, after Mrs. Sann had executed the conveyances, and the necessary revenue stamps attached and cancelled, delivery would be made to the parties entitled to receive their respective conveyance.    Previous to 10 o'clock on the morning of May 7th, Mrs. Sann and her husband visited the notary's office, where she executed the deeds.    After her so doing, Sann by falsely and fraudulently representing to the notary that under a new and later arrangement with McGuire the deeds were to be taken by the former to the latter's office, and the transaction there completed, obtained possession of the conveyances, and without notice to or knowledge of McGuire, proceeded immediately to

the county recorder's office at Ebensburg and recorded the deed of McGuire and wife to Sann. McGuire called at the office of the notary at ten o'clock, May 7th, and upon learning that Sann had earlier visited the office and secured possession of the deeds, contrary to the agreement of the parties, immediately endeavored to locate him, without avail however, and discovered later in the day, on communicating with the recorder by telephone, that the deed of himself and wife to Sann had been recorded, and that Sann had left the recorder's office with the recorded deed in his possession.

Subsequent to this action on the part of Sann, McGuire and wife filed their bill, which was taken pro confesso in default of an answer, in which the facts set forth are substantially stated above, and were so found by the court below, and a decree nisi entered requiring Sann and wife to surrender and deliver up, for cancellation, the deed from McGuire and wife to him, and further that the conveyance be stricken from the record. Following the nisi order and before final decree plaintiffs, under Equity Rule 56, amended their bill by praying, (1) that defendants be required to deliver back to the possession of the notary public the three deeds, previously executed by the parties, for the property in question and (2) that they be required to specifically perform the contract entered into for a division of the land. The court, being of opinion that plaintiffs, having prayed in the original bill for cancellation of the three deeds as being fraudulent and a cloud on their title, were precluded from later amending their prayers by asking that the contract be restored and performance decreed, refused to allow the amendments and directed that the nisi decree become final. Plaintiffs appealed.

In refusing the amendments, and directing that the nisi order be final, we are of opinion the court committed error. The amendments offered were in time and entirely written within the purview of Equity Rule 56, which allows amendments, as of course, at any time be-

fore final decree, so far as relates to prayers for relief. The amendments clearly eliminated the prayer for return of the deeds to plaintiffs and substituted delivery to the notary public, in whose possession they were by agreement temporarily deposited, to there remain, until the parties met the following morning to finally close the transaction. Refusal to allow the amendments, being error, as above indicated, the proceeding must be referred back to the court below for further action.

The decree of the court below is reversed, the motions for leave to amend the prayers for relief are made absolute, and the record remitted, with directions to answer over, and have the proceeding heard in due course; in the event, however, of defendants' failure to answer, a decree for specific performance as prayed for by plaintiffs, in their amended bill, should be made. Costs to abide final disposition of the case.